IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| THEOPHILUS FIELD | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 7-10-CV-0052-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Theophilus Field seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that he is disabled as a result of problems with his right leg, bipolar disorder, and depression. After his applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on March 5, 2009. At the time of the hearing, plaintiff was 44 years old. He has a college degree and past work experience as a substitute teacher, a correctional officer, an alarm monitor, a school coordinator, and a day laborer. Plaintiff has not engaged in substantial gainful activity since October 1, 2006.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from chronic right leg and foot pain due to arthritis, status post-1998 open reduction and internal fixation of right leg

fracture following gunshot wound, bipolar disorder, and a history of drug addiction, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a significant range of light work, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a production worker, an electronics assembler, and a folding machine operator -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In two grounds for relief, plaintiff contends that: (1) the finding that he can perform other work in the national economy was based on an improper hypothetical question to the vocational expert; and (2) the assessment of his residual functional capacity is inconsistent with applicable legal standards and not supported by substantial evidence.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must

scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

The ALJ found that plaintiff has the residual functional capacity to perform a significant range of light work, including the jobs of production worker, electronics assembler, and folding machine operator. (*See* Tr. at 13, 17). In making that finding, the ALJ expressly relied on the testimony of Kathy U. Bottroff, a vocational expert. (*Id.* at 17). According to plaintiff, Bottroff based her testimony on a defective hypothetical question that failed to take into account his inability

to have more than limited contact with supervisors and the general public -- limitations specifically recognized by the ALJ in the hearing decision. (*See id.* at 13).

A hypothetical question to a vocational expert cannot provide substantial evidence supporting the denial of benefits unless: (1) the hypothetical reasonably incorporates all the disabilities of the claimant recognized by the ALJ; and (2) the claimant or his representative is afforded the opportunity to correct deficiencies in the question. See *Boyd v. Apfel*, 239 F.3d 698, 706-07 (5th Cir. 2001); *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). Where an ALJ finds that a claimant is not disabled based on answers to a defective hypothetical, substantial evidence does not support the finding, and the case should be reversed and remanded for further administrative proceedings. *See Bridges v. Comm'r of Social Sec. Admin.*, 278 F.Supp.2d 797, 807 (N.D. Tex. 2003).

At the administrative hearing, the ALJ asked Bottroff:

> The first hypothetical I want you to consider, assume is the vocational factors for an individual who, at the date of hearing, is 44 years of age. This individual has accomplished a Bachelor's degree in Criminal Justice and possesses the strength to perform a wide range of light work. There is a diagnosis of bipolar disorder. According to our limit, the non-exertional, place in effect some non-exertional limitations of concentration necessary for unskilled work, *really working in relative isolation with limited contact with peers and co-workers*. Given those factors, ... would any other work be available, even of an unskilled nature?

(Tr. at 37) (emphasis added). Bottroff responded that such a person could work as a production worker, an electronics assembler, or a folding machine operator. (*Id.*). Based on this testimony, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy. (*Id.* at 17).

There is a significant discrepancy between the limitations included in the hypothetical question posed to Bottroff and the limitations found by the ALJ. While the judge found that

plaintiff's residual functional capacity was limited by the need for "relative isolation with limited contact with *peers, supervisors, and the general public*[,]" (*id.* at 13) (emphasis added), the hypothetical inquired only about restrictions on contacts with peers and co-workers. (*Id.* at 37). The ALJ never asked the vocational expert about jobs that also require limited contact with supervisors and the general public. As a result, the hypothetical was defective. *See Boyd*, 239 F.3d at 707 (disability determination is not supported by substantial evidence if hypothetical to vocational expert does not incorporate all functional limitations found by ALJ); *Bowling*, 36 F.3d at 436 (same).

The Commissioner argues that the requirement of limited contact with peers and co-workers necessarily includes limited contact with supervisors and the general public. (*See* Def. MSJ Resp. Br. at 6-7). The court disagrees. Not only do the social security regulations treat interactions with the public, supervisors, and co-workers as different work situations, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(2),[1] but the Commissioner's own mental residual functional capacity assessment form separately considers a claimant's ability to perform work activities in each of these situations. (*See* Tr. at 237) (separately evaluating "ability to interact appropriately with the general public," "ability to accept instructions and respond appropriately to criticism from supervisors," and "ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes"). Courts also distinguish among the different work situations depending on the type of interpersonal contact required. *See, e.g. Seibert v. Astrue*, No. 4-09-CV-090-A, 2010 WL 6389303

---

[1] This regulation provides, in pertinent part:

> Social functioning in work situations may involve interactions with the public, responding appropriately to persons in authority (*e.g.*, supervisors), or cooperative behaviors involving coworkers.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(2).

at *12 n.13 (N.D. Tex. Jun. 14, 2010), *rec. adopted*, 2011 WL 1211350 (N.D. Tex. Mar. 31, 2011) (ALJ erred in limiting plaintiff to only incidental contact with the public and co-workers because such restrictions do not adequately incorporate limitations in responding to or interacting with supervisors); *Stearns v. Astrue*, No. 6-08-CV-074-C, 2010 WL 1072828 at *6 (N.D. Tex. Mar. 24, 2010) (same as to restriction that only limited plaintiff to superficial contact with the public where evidence indicated that plaintiff also had difficulty interacting appropriately with supervisors).

The Commissioner also contends that none of the jobs identified by the vocational expert requires more than limited contact with supervisors and the general public. In support of this argument, the Commissioner relies on the job descriptions for a folding machine operator, an electronics assembler, and a production worker contained in the Dictionary of Occupational Titles ("DOT").[2] However, the ALJ did not mention the DOT job descriptions in finding that plaintiff could perform other work in the national economy. Instead, the judge relied on the vocational expert's testimony without addressing the discrepancy between the limitations assumed by her hypothetical question and the limitations noted in the hearing decision.

Finally, the Commissioner argues that plaintiff waived the right to challenge the defective hypothetical because his attorney failed to cross-examine the vocational expert regarding the need for limited contact with supervisors and the general public. (*See* Def. MSJ Resp. Br. at 7). This argument all but ignores the fact that there was no discrepancy until the ALJ issued her written decision finding that plaintiff's residual functional capacity was limited by the need for "relative isolation with limited contact with peers, supervisors, and the general public." (*See* Tr. at 13). Thus,

---

[2] The DOT was promulgated by the Department of Labor to provide "standardized occupational information to support job placement activities." *See Dictionary of Occupational Titles* at xv (4th ed. 1991). The DOT, along with a companion volume -- The Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles -- contain descriptions of the requirements for thousands of jobs in the national economy.

plaintiff did not have a "fair opportunity" to correct the hypothetical question at the administrative hearing. *See Boyd*, 239 F.3d at 707; *Ellis v. Astrue*, No. 7-09-CV-070-O-BF, 2010 WL 3422872 at *4 (N.D. Tex. Jul. 27, 2010), *rec. adopted*, 2010 WL 3398257 (N.D. Tex. Aug. 27, 2010).

## CONCLUSION

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[3]

SO ORDERED.

DATED: June 21, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.